**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

| | | |
|---|---|---|
| **ECONSULTING GLOBAL GROUP, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. ______________** |
| | ) | |
| **UNITED STATES OF AMERICA by and through THE COMMISSIONER OF INTERNAL REVENUE SERVICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**PETITION TO QUASH THIRD PARTY SUMMONS[1]**

---

Plaintiff, Econsulting Global Group, LLC ("Plaintiff"), files this action pursuant to 26 U.S.C. § 7609(b)(2) to quash the third-party summons ("Summons") issued by the Internal Revenue Service ("IRS") to Regions Bank, in violation of 26 U.S.C. § 7602 and *United States v. Powell*, 379 U.S. 48 (1965), demanding records relating to Plaintiff. A copy of the Summons is attached as Exhibit 1.

The Summons should be quashed for six independent reasons:

[1] This action is filed based on the IRS issuing improper summons and no verification has been made that such accounts even exist but in an abundance of caution so as not to waive any rights or arguments, this action has been filed.

(i) The IRS failed to follow the proper administrative procedures when it issued the Summons, including issuing the Summons in violation of 26 U.S.C. § 7602(c);

(ii) The IRS issued the Summons for an improper purpose, namely to harass Plaintiff, circumvent Tax Court discovery rules, and retaliate against a taxpayer that dared to fight;

(iii) The summonsed information is not relevant to determining any matter as it seeks information from now time-barred tax years;

(iv) The Summons was not issued in good faith;

(v) Based on information and belief, the IRS failed to properly serve the Summons on Regions Bank under 26 U.S.C. § 7603; and

(vi) Based on information and belief, the IRS failed to provide proper notice of the Summons to Plaintiff under 26 U.S.C. § 7609.

Based on any of these six independent objections, the Court should quash the Summons.

## Overview

1. This is a proceeding arising under the Internal Revenue laws against the United States of America to quash a third-party summons issued by the IRS with respect to records belonging to Plaintiff for the period of January 1, 2020, through December 31, 2020.

2. Purportedly, the IRS issued the Summons to Regions Bank, at 1900 5th Avenue North, 23rd Floor, Birmingham, Alabama 35203 dated August 3, 2026.

3. On August 12, 2026, Plaintiff received a copy of the Summons attached as Exhibit 1 with a postmark date of August 3, 2026.

4. 26 U.S.C. § 7609 permits a taxpayer to move to quash a summons within 20 days of notification.

5. This Petition remains timely because Plaintiff files it within 20 days of August 3, 2026.

6. While the IRS is authorized to use its summons power for the purpose of ascertaining the correctness of any return, Courts have long held that this authority is not limitless and that for summonses to be enforceable the government must meet four primary prerequisites. Under the authority of the Supreme Court, the government must show that (1) the summons is issued for a proper purpose (i.e., ascertaining the correctness of a tax return, as opposed to garnering some other advantage), (2) the inquiry is relevant to that proper purpose, (3) the information sought must not already be in the government's possession, and (4) the administrative steps required by law have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). Further, the IRS may not use a summons to obtain privileged information.

7. Under 26 U.S.C. § 7609(a)(1), the person identified in a third-party summons must receive proper notice of the third-party summons within 3 days of the service of such summons on the third-party and no later than 23 days "before the day upon which such records are to be examined."

8. Under 26 U.S.C. § 7609(a)(2), notice must be given either through in-person delivery or left at the usual place of abode of the person entitled to notice under Section 7603, or served by certified or registered mail to the last known address of the person upon whom such notice must be served.

9. For the aforementioned reasons, the Summons served upon Regions Bank should be quashed.

**Jurisdiction, Venue, and Parties**

10. The Summons is a "summons to which [26 U.S.C. § 7609] applies," as the IRS issued the Summons under the authority of 26 U.S.C. § 7602(a)(2) and the Summons is not one of the types of summonses excepted from the application of 26 U.S.C. § 7609 by 26 U.S.C. § 7609(c)(2).

11. This Court possesses subject matter jurisdiction over this Petition pursuant to 26 U.S.C. § 7609(h)(1) and 28 U.S.C. § 1331 and 1340. In relevant part, 26 U.S.C. § 7609(h)(1) states "[t]he United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under [Section 7609(b)(2)]."

12. Venue lies within this district based upon 26 U.S.C § 7609(h)(1) and 28 U.S.C. § 1391(e).

13. Regions Bank is an Alabama corporation with branch locations throughout the Southern District of Florida, including locations in Okeechobee County, Florida.

14. Regions Bank, including its branch locations, are found in this District.

15. Plaintiff is a limited liability company with its principal place of business at 4440 PGA Boulevard, Suite 600, Palm Beach Gardens, Florida 33410.

16. Defendant is the United States of America acting through the Commissioner of the Internal Revenue Service ("Service").

**Background Facts**

17. During all relevant periods, Plaintiff is taxed as a Partnership for federal income tax purposes.

18. Plaintiff utilizes a calendar-year-based tax year for reporting its income and expenses for federal income tax purposes that ends on December 31st of each respective year.

19. Plaintiff timely filed a U.S. Return of Partnership Income (“Form 1065”) for the taxable year ended December 31, 2020 (the “2020 Tax Year”).

20. The Forms 1065 filed by Plaintiff for the 2020 Tax Year was filed more than three-years prior to IRS issuing the Summons.

21. The IRS made no attempt to request records from Plaintiff before issuing the Summons to Regions Bank.

22. Instead, the Summons was issued by the IRS to perpetuate a conspiratorial claim in violation of (i) the Due Process Rights of Plaintiff under the Fifth Amendment to the U.S. Constitution, (ii) the 3-year statute of limitations on assessment under 26 U.S.C. § 6501, and (iii) the U.S. Tax Court rules on discovery.

23. Plaintiff is owned by relatives of David J. Feingold.

24. On September 12, 2024, the IRS issued a Statutory Notice of Deficiency to Mr. Feingold asserting adjustments to his income tax liabilities for the 2020 Tax Year and 2021 Tax Year.

25. On December 10, 2024, Mr. Feingold timely filed a Petition with the U.S. Tax Court challenging the adjustments asserted by the IRS with respect to the 2020 Tax Year and 2021 Tax Year (*see* U.S. Tax Court, Docket No. 19354-24).

26. Similarly, the IRS issued Statutory Notices of Deficiency to two C corporations owned by Mr. Feingold – Feingold, Morgan, Sanchez, LLC ("FMS") for the 2020 Tax Year and 2021 Tax Year and Feingold, LLC ("FLLC") for the 2021 Tax Year – on September 12, 2024.

27. Both FMS and FLLC timely filed Petitions with the U.S. Tax Court challenging those Statutory Notices of Deficiency. *See* U.S. Tax Court, Docket No. 19356-24 (with respect to FMS) and Docket No. 19358-24 (with respect to FLLC).

28. On November 18, 2025, all three U.S. Tax Court dockets were consolidated for purposes of discovery, trial, and opinion. *See* U.S. Tax Court, Docket No. 19354-24 at Doc. 15.

29. Pursuant to the Statutory Notices of Deficiency issued to Mr. Feingold, FMS, and FLLC and the corresponding Petitions, the U.S. Tax Court possesses jurisdiction to determine the federal income tax liabilities of those three taxpayers for the 2020 Tax Year and the 2021 Tax Year, except for limitations pursuant to *Securities and Exchange Commission v. Jarkesy*, 603 U.S. 109 (2024).

30. The U.S. Tax Court does not possess jurisdiction to determine the federal income tax liability of Plaintiff for the 2020 Tax Year or the 2021 Tax Year.

31. On April 2, 2026, the IRS filed a Motion for Leave to File First Amendment to Answer asserting, *inter alia*, that amounts received by Plaintiff during the 2020 Tax Year from non-parties should be treated as income to Mr. Feingold during those respective tax years. *See id.*, at Docs. 76-77.

32. On April 29, 2026, Mr. Feingold filed an Objection to Motion for Leave to File First Amendment to Answer asserting, *inter alia*, violations of the Fifth Amendment right to Due Process, the statute of limitations under 26 U.S.C. § 6501, *Moline Properties v. Commissioner*, 319 U.S. 436, 438-41 (1943), and *Deputy v. DuPont*, 308 U.S. 488, 494 (1940). *See id.*, at Doc. 87.

33. On May 1, 2026, the U.S. Tax Court, Judge Rose E. Jenkins granted the IRS Motion for Leave to File Amended Answer allowing the IRS, *inter alia*, to plead that amounts received by Plaintiff during the 2020 Tax Year constitute income to Mr. Feingold during those respective tax years. *See id.*, at Doc. 88.

34. By way of the Amended Answer, the IRS has brought into the four corners of the U.S. Tax Court cases the amounts received and deposited into accounts held by Plaintiff, including the accounts maintained at Regions Bank for the 2020 Tax Year.

35. Purportedly, Revenue Agent Cindy Chatelain ("RA Chatelain") issued the Summons to Regions Bank, on August 3, 2026.

36. RA Chatelain also conducted the examination of Mr. Feingold, FMS, and FLLC for the 2020 Tax Year and 2021 Tax Year.

37. RA Chatelain and the IRS West Palm Beach office where she works have a history of outrageous conduct involving Mr. Feingold and entities and individuals with whom Mr. Feingold does business or is otherwise associated.

38. RA Chatelain replaced a colleague that began the examination of Mr. Feingold and his businesses after the initial examiner began harassing Mr. Feingold's clients, disclosing confidential health and personal financial information, and demanded those clients waive the attorney-client privilege.

39. After Mr. Feingold's counsel addressed those concerns with the then Commissioner of the Internal Revenue Service, RA Chatelain replaced the initial investigator.

40. However, the IRS West Palm Beach office kept the same Group Manager that permitted the initial examiner to engage in such outrageous conduct.

41. Thereafter, the IRS made a criminal referral of Mr. Feingold's case (which was rejected by the DOJ), opened audits of Mr. Feingold's businesses and rolled those audits into subsequent tax years.

42. RA Chatelain continued the same pattern of conduct as the initial investigator, including contact clients of Mr. Feingold, disclosing health and financial information, and demanding waiver of the attorney-client privilege.

43. RA Chatelain even went as far as to demand to visit Mr. Feingold's office under the guise she needed to inspect an aircraft despite knowing that aircraft are typically kept at airports and that Mr. Feingold does not work at an airport.

44. Led by RA Chatelain, the IRS knowingly seeks to double and triple tax amounts associated with a Forward Purchase Agreement with respect to the current U.S. Tax Court cases.

45. During the litigation of the U.S. Tax Court cases involving Mr. Feingold, FMS, and FLLC for the 2020 Tax Year and 2021 Tax Year, RA Chatelain has continued to provide assistance to IRS Counsel Audry Xi, including executing

declarations to support the IRS position. *See* U.S. Tax Court Docket No. 19356-24, Docs. 27 and 50.

46. The Summons issued to Regions Bank seeks bank records of Plaintiff for the period covering the 2020 Tax Year– the same time frame the IRS put at issue in the U.S. Tax Court cases involving Mr. Feingold and his businesses.

**<u>Count One – Quash of Summons</u>**

47. The foregoing facts are incorporated herein, as if restated in full.

48. Based on the foregoing facts and because of the six independent objections detailed below, each of which is sufficient on its own merit, the Court should quash the Summons.

***Objection 1 – Violation of Powell:***
***<u>Failure to Follow Administrative Procedures</u>***

49. The IRS issued in the Summons in violation of *United States v. Powell*, 379 U.S. 48, 57–58 (1964).

50. Under *Powell*, the government must establish the following four conjunctive elements to enforce a summons: (i) it issued the Summons for a proper purpose, (ii) the inquiry is relevant to that proper purpose, (iii) the information sought is not already in the government's possession, and (iv) the IRS followed the administrative steps required by law in issuing the summons. *See Powell*, 379 U.S. at 57–58.

51. Upon information and belief, RA Chatelain failed to follow all administrative steps required by the Code to issue the Summons.

52. The IRS cannot make a *prima facie* case to enforce a summons until it shows compliance with the "administrative steps" of the tax code. *Powell*, 379 U.S. at 57–58; *Jewell v. United States*, 749 U.S. 1295, 1300 (10th Cir. 2014).

53. 26 U.S.C. § 7602(c)(1) prohibits IRS employees from contacting any third party unless the IRS provides the taxpayer with a notice that "informs the taxpayer that contacts with persons other than the taxpayer are intended to be made during [a specified period]," beginning no later than 45 days from the start of the specified period.

54. RA Chatelain did not provide Plaintiff with the required advance notice of her intent to contact third parties within a defined period of time before issuing the Summons in violation of 26 U.S.C. § 7602(c)(1).

55. Neither RA Chatelain, nor any officer, employee, contractor, or other associated individual of the IRS notified, stated, or indicated the beginning of an examination of Plaintiff.

56. The Summons seeks information from Regions Bank that RA Chatelain never requested from Plaintiff.

57. The Summons violates 26 U.S.C. § 7602(c) because RA Chatelain did not provide the notice required by 26 U.S.C. § 7602(c)(1).

58. Based on the foregoing, RA Chatelain failed to follow all administrative steps in issuing the Summons.

59. The Court should quash the Summons.

***<u>Objection 2 – Violation of Powell: Improper Purposes</u>***

60. Under *Powell*, the IRS is authorized to use its summons power for the purpose of ascertaining the correctness of any return, however, it cannot issue a summons to harass or retaliate against a taxpayer, circumvent discovery rules, violate due process rights, or for any other improper purpose. *See United States v. Powell*, 379 U.S. 48, 57-58 (1964).

61. The IRS waited until after the U.S. Tax Court granted the IRS Motion to File an Amended Answer – which proceeds on the assertion that amounts received and reported by Plaintiff should be attributed to Mr. Feingold – to purportedly issued the Summons seeking information and documents regarding the amounts it claims are income to Mr. Feingold for the same time period.

62. The IRS did not issue the Summons to allow RA Chatelain to determine Plaintiff's tax liability because it has already determined that the amounts received and reported by Plaintiff are income to Mr. Feingold.

63. The Summons is issued for the improper purposes of circumventing U.S. Tax Court discovery rules in that RA Chatelain intends to obtain and create evidence in support of the IRS assertions in the U.S. Tax Court case involving Mr. Feingold. *See Ash v. Commissioner*, 96 T.C. 459, 470-71 (1991) (stating the court would exercise its inherent power to limit summons issued after litigation had commenced); *Westreco, Inc. v. Commissioner*, T.C. Memo. 1990-501.

64. Further, the IRS proceeds to make determinations as to the taxability of those amounts received and reported by Plaintiff without providing notice to Plaintiff or affording Plaintiff the opportunity to be heard in violation of the Fifth Amendment to the U.S. Constitution. *See Matthews v. Eldridge*, 424 U.S. 319, 333 (1976); *Riggins v. Commissioner*, 748 Fed. Appx. 970, 978 (11th Cir. 2019).

65. The Court should quash the Summons.

***Objection 3 – Relevancy of Information***

66. The third prong of the *Powell* test requires the information sought be relevant to the IRS assertion that it seeks to determine the accuracy of a return. *Powell*, 379 U.S. at 57-58.

67. However, that relevancy assertion must be tied to the pragmatism of whether the IRS can determine the accuracy of a return.

68. Notwithstanding that the IRS issued the Summons for purposes other than that accuracy determination, the documents it seeks relate to tax years that have been closed by statute.

69. Under 26 U.S.C. § 6501, the IRS has three years from the date a tax return was filed to make an assessment of tax.

70. Practically, that means that the IRS cannot make adjustments to a federal tax return beyond that three-year mark.

71. Here, the IRS Summons seeks information for the 2020 Tax Year (January 1, 2020 through December 31, 2020).

72. However, the tax return covering that taxable year was filed by Plaintiff in 2021 (for the 2020 Tax Year).

73. Since more than three years have passed since the filing of that tax return, the information loses all relevancy to an accurate determination of those returns filed more than three years ago by Plaintiff.

74. The Court should quash the Summons.

***Objection 4 – Violation of Powell: Bad Faith***

75. Upon information and belief, the IRS issued the Summons in bad faith and for an improper purpose.

76. A summons abuses the Court's process where the IRS issues it "for an improper purpose . . . or for any other purpose reflecting on the good faith of the particular investigation." Powell, 379 U.S. at 57–58.

77. The court should quash a summons if the taxpayer can show bad faith on the part of the IRS, even if the IRS attempts to point to a purported tax-collection purpose. *See United States v. Millman*, 822 F.2d 305, 308–09 (2nd Cir. 1987).

78. The IRS has not hidden its irrational disdain for Mr. Feingold, his businesses, and those that are associated with him.

79. The IRS has indicated through audits and litigation its willingness to circumvent rules, make improper contacts and disclosures to undermine Mr. Feingold's business operations, demand that his clients waive long-standing privileges, and assert fraud based on conspiratorial claims with no basis in fact.

80. Here, the IRS has never raised a concern regarding the income tax reporting of Plaintiff, never notified Petition of an examination, and never sought the summonsed information from Plaintiff.

81. Rather, the IRS asserts that amounts received by Plaintiff and deposited into its accounts, including those accounts maintained by Regions Bank, should be taxed as income to Mr. Feingold during the time frame identified in the Summons.

82. The IRS makes that assertion without any analysis, investigation, or effort to understand the truth and without addressing the fact that Plaintiff reported those amounts on its tax return for the 2020 Tax Year.

83. It does so while recognizing that Plaintiff has reported those amounts, to the extent they constitute income at all, as income on its Forms 1065 for the 2020 Tax Year and paid federal income taxes pursuant to that reporting.

84. That is, the IRS seeks to double tax those amounts.

85. It also recognizes that the Form 1065 was filed in 2021, more than three years ago and that the taxes associated with those amounts were paid more than two years ago, preventing Plaintiff from filing an amended return or claim for refund. *See* 26 U.S.C. § 6511 (requiring a claim for refund to be filed within three years of the date the original return was filed or within two years of payment to the IRS).

86. Based on the foregoing and upon information and belief, the IRS issued the Summons in bad faith.

87. The Court should quash the Summons.

***<u>Objection 5 – Failure to Properly Serve Summons</u>***

88. On August 12, 2026, Plaintiff received a copy of the Summons purportedly served upon Regions Bank.

89. That package did not contain any proof of when or how the Summons was served upon Regions Bank.

90. Based on information and belief, the IRS failed to properly serve the Summons upon Regions Bank under 26 U.S.C. §§ 7603 and 7609(a)(2).

91. The Court should quash the Summons.

***Objection 6 – Failure to Provide Timely Notice of Summons***

92. Based on information and belief, the IRS failed to properly provide notice of the Summons (including a copy) to Plaintiff within 23 days of the date fixed for production.

93. The Summons issued to Regions Bank commands production of documents at the IRS West Palm Beach Office located at 625 N. Flagler Drive, Suite 809, West Palm Beach, Florida 33401 on August 31, 2026.

94. Pursuant to 26 U.S.C. § 7609(a)(1), the IRS must provide notice of the summons, including a copy of said summons, within 3 days of service but no later than the 23rd day before the date fixed on the summons for delivery.

95. The 23rd day before the August 31, 2026, production date on the Summons is August 8, 2026.

96. Plaintiff did not receive the Summons until August 12, 2026.

97. The failure to provide notice of the Summons 23 days before the requested date of production precludes enforcement of that Summons. *Jewell v. United States*, 749 F.3d 1295, 1298 (10th Cir. 2014).

98. Accordingly, the Summons should be declared void in its entirety.

WHEREFORE, Plaintiff requests the Court Quash the Summons issued by the Internal Revenue Service to Regions Bank.

Dated: August 19, 2026

Respectfully submitted,

**BERKELEY LAW P.A.**

By: */s/Lorne E. Berkeley, Esq.*
Lorne E. Berkley, Esq.
Florida Bar Number 146099
10600 Griffin Road, Suite 104
Cooper City, Florida 33328
T: 954.719.3484
Lorne@BerkeleyLawFL.com

*Attorney for Plaintiff*